UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————

FREDERICK S. KOGER, ROSLYN O. DREW,
AMANDA Z. KOGER, and MEGAN E. KOGER,

                              Plaintiffs,

        – against –

CLARK V. RICHARDSON, and JANET
DIFIORE,

                              Defendants.

——————————————————————————

**OPINION AND ORDER**

19 Civ. 9053 (ER)

RAMOS, D.J.:

        Pending before this Court is the fourth action brought in this district by *pro se* plaintiffs

Frederick S. Koger, Roslyn O. Drew (the "Koger Parents"), Amanda Z. Koger, Megan E. Koger

(the "Koger Children", and with the Koger Parents, the "Plaintiffs") pursuant to 42 U.S.C. §

1983 challenging a New York State Family Court proceeding.  Clark V. Richardson, a justice of

New York County Family Court, entered a finding of educational neglect against the Koger

Parents in 2003.  Plaintiffs allege that Justice Richardson's finding against the Koger Parents was

based on "defective petitions and lack of subject matter" and that Janet DiFiore, in her capacity

as the Chief Judge of the New York Court of Appeals, failed to "mind the store."  Plaintiffs have

paid the requisite filing fee to bring this action, but the Court concludes that the instant action is

frivolous and therefore *sua sponte* DISMISSES the complaint for the reasons set forth below.

**I.      BACKGROUND**

        Plaintiffs' cause of action here is substantially the same as that of the complaint the

Koger Children filed on November 8, 2013 in this district (the "2013 Complaint").  Plaintiffs had

previously filed two other actions in this district based on the same underlying New York Family

Court proceeding, the facts and procedural history of which are detailed in Judge Engelmayer's opinion dismissing the 2013 Complaint on July 31, 2014. *See Koger v. New York*, No. 13 Civ. 7969 (PAE), 2014 WL 3767008 (S.D.N.Y. July 31, 2014). In the 2013 Complaint, Plaintiffs similarly challenged Justice Richardson's finding of educational neglect on the basis that the petitions submitted by the City Of New York Administration for Children's Services were jurisdictionally defective in absence of stamps or dates from the Clerk of the Family Court. *See id.* at * 5. Judge Engelmayer dismissed that complaint in its entirety finding, *inter alia*, that Judge Richardson was entitled to judicial immunity and that allegations regarding the "jurisdictional defective petitions" did not adequately allege a jurisdictional defect to deprive Judge Richardson of judicial immunity. *Id.* at 6.[1]

## II. DISCUSSION

"A district court has the inherent authority to dismiss an action that 'lacks an arguable basis either in law or in fact,' regardless of whether the [*pro se*] plaintiff has paid the filing fee." *MacKinnon v. City of New York/Human Res. Admin.*, 580 Fed. App'x 44, 45 (2d Cir. 2014) (citing Fitzgerald v. *First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). An action lacks an arguable basis in law when "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434 437 (2d Cir. 1998) (internal quotations omitted). "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Here, Plaintiffs repeat much of the same allegations that they made in the 2013 Complaint, which Judge Engelmayer squarely rejected. For example, they reiterate that "the petitions" were

---

[1] In the same opinion, Judge Engelmayer, applying the New York law tolling the statute of limitations in § 1983 actions where the plaintiff is under 18 at the time of the cause of action, also found that Plaintiffs' § 1983 claims expired, at the latest, on August 15, 2016. *Id.* at 5.

defective as they were "unstamped or dated by the clerk of the [sic] of the family court." Doc. 1 at 9.

Additionally, even construing their allegations liberally, Plaintiffs' attempt to tag on Chief Judge DiFiore based on a skewed theory of *respondeat superior* in two sentences fails as a matter of law. *See id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Therefore, nothing in the complaint indicates any possibility of a valid claim against either Justice Richardson or Chief Judge DiFiore. Accordingly, Plaintiffs' claims are hereby dismissed as frivolous because the defendants are entitled to judicial immunity. *See Fitzgerald*, 221 F.3d at 363-64 (affirming *sua sponte* dismissal of frivolous *pro se* complaint where *pro se* plaintiff had paid the filing fee); *see also Tapp v. Champagne*, 164 Fed. Appx. 106 (2d Cir. 2006) (summary order) (affirming *sua sponte* dismissal of claims against judges protected by judicial immunity). As this is already Plaintiffs' second bite at the apple, and because the law is so clear with respect to judicial immunity, the Court finds it would be futile to grant leave to amend.

## III. CONCLUSION

For the foregoing reasons, the instant complaint is hereby DISMISSED with prejudice. Although Plaintiffs have paid the filing fee to commence this action, the Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: October 10, 2019
New York, New York

Edgardo Ramos, U.S.D.J.