Copies Mailed
Chambers of Edgardo Ramos

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: August 5, 2020

FREDERICK S. KOGER, ROSLYN O. DREW,
AMANDA Z. KOGER, and MEGAN E. KOGER,

                              Plaintiffs,

            – against –

CLARK V. RICHARDSON, and JANET
DIFIORE,

                              Defendants.

**OPINION AND ORDER**

19 Civ. 9053 (ER)

RAMOS, D.J.:

Pending before this Court is *pro se* Plaintiffs' motion for reconsideration.  On October 10, 2019, the Court dismissed Plaintiffs' fourth action in this district *sua sponte* with prejudice on the basis that the action was frivolous.  *Koger v. Richardson*, No. 19 Civ. 9053 (ER), 2019 WL 5080008 at *2 (S.D.N.Y. Oct. 10, 2019).  The case arises out of a June 28, 2005 decision by the Honorable Clark V. Richardson, a justice of New York County Family Court, which entered a finding of educational neglect against Frederick Koger and Roslyn Drew, the parents of Amanda and Megan Koger.  Plaintiffs allege that Judge Richardson's finding against the parents was based on "defective petitions and lack of subject matter jurisdiction" and that Janet DiFiore, in her capacity as the Chief Judge of the New York Court of Appeals, failed to "mind the store." For the reasons set forth below, Plaintiffs' motion for reconsideration is DENIED.

## I.    BACKGROUND

### a.  Factual Background

Plaintiffs' motion for reconsideration is based on a cause of action that is substantially the same as that of the complaint Amanda and Megan Koger filed in this district on November 8,

2013 (the "2013 Complaint").  Plaintiffs had previously filed other actions in this district based

on the same underlying New York Family Court proceeding, the facts and procedural history of

which are detailed in Judge Engelmayer's opinion dismissing the 2013 Complaint on July 31,

2014.  *See Koger v. New York*, No. 13 Civ. 7969 (PAE), 2014 WL 3767008 (S.D.N.Y. July 31,

2014).

On December 20, 2002, City of New York Administration for Children's Services (ACS)

caseworker Darlene Jackson brought two petitions before Bronx County Family Court Judge

Maureen McLeod, now retired, to commence educational neglect proceedings against the Koger

parents.  *Id.* at *1.  The petitions stated that Amanda and Megan Koger had missed a significant

amount of school, and that their parents had failed to attend required meetings regarding the

absences and to follow the correct procedures for home-schooling.  *Id.*  On January 10, 2003,

Judge McLeod entered two orders directing temporary removal of the Koger children from their

parents into ACS custody, pending further proceedings.  *Id.* at *1-2.  The children were returned

to their parents eleven days later.  *Id.*  On June 28, 2005, Judge Richardson found by a

preponderance of the evidence that the parents had committed educational neglect.  Plaintiffs

argue that Judge Richardson's finding is flawed because the petitions submitted by ACS were

jurisdictionally defective in absence of stamps or dates from the Clerk of the Family Court.  *Id.*

at *5.  Judge Engelmayer dismissed the complaint finding that Judge Richardson was entitled to

judicial immunity and that the allegations did not adequately allege a jurisdictional defect to

deprive Judge Richardson of judicial immunity.  *Id.* at *6.

In the instant Complaint, Plaintiffs ask the court to apply a 'but for' test:  "But for the

erroneous prejudicial assessment of retired Judge McLeod, who permitted unlawfully

commenced defective petitions to be initiated and filed by an ACS agent" the case would not have taken place.  Doc. 1 at 9.

      b.  Procedural Background

Plaintiffs filed the instant action on September 30, 2019, and on October 10, 2019, this Court dismissed it *sua sponte* as frivolous.  This Court found that Plaintiffs' action was based on a meritless legal theory because judges generally have absolute immunity from suits for money damages for their judicial actions.  *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009).  The Court previously found that nothing in the Plaintiffs' complaint indicated any possibility of a valid claim against either Judge Richardson or Chief Judge DiFiore.  This Court did not grant leave to amend because it was already Plaintiffs' second bite at the apple, and because the law is so clear with respect to judicial immunity.  *See Tapp v. Champagne*, 164 Fed. Appx. 106 (2d Cir. 2006) (summary order) (affirming *sua sponte* dismissal of claims against judges protected by judicial immunity).

## II.    LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and Rule 60(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 60(b).[1]  The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (addressing a Rule 59 motion).  "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL*

---

[1] Although Plaintiffs did not cite to Local Civil Rule 6.3 in their motion, the Court will consider it because of the leniency allowed to *pro se* plaintiffs.

*Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks

omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  It is "not a vehicle for

relitigating old issues, presenting the case under new theories, securing a rehearing on the merits,

or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citation

omitted).  The decision to grant or deny the motion for reconsideration is within "the sound

discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

    *Pro se* litigants' submissions "are held 'to less stringent standards than formal pleadings

drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam) (quoting *Haines v.

Kerner*, 404 U.S. 519, 520 (1972)); *see also Young v. New York City Dep't of Educ.*, No. 09 Civ.

6621, 2010 WL 2776835, at *5 (S.D.N.Y. July 13, 2010) (noting that the same principles apply

to briefs and opposition papers filed by *pro se* litigants).  Although "*pro se* status 'does not

exempt a party from compliance with relevant rules of procedural and substantive

law,'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v.

Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)), courts read the pleadings and opposition papers submitted

by *pro se* litigants "liberally and interpret them 'to raise the strongest arguments that they

suggest,'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*,

14 F.3d 787, 790 (2d Cir. 1994)).

## III.   DISCUSSION

    Plaintiffs argue that reconsideration is appropriate because they believe "evidence would

shed new light on the case" and give it a "different interpretation."  Doc. 12 at 2.  Plaintiffs

submitted an additional supporting statement in their motion, but new facts cannot be considered

on a motion for reconsideration.  *See Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y.

2008) (noting that new facts cannot be considered on a motion for reconsideration).  In their

statement in support of their motion, Plaintiffs suggest that this Court mistakenly did not apply the 'but for' test to show that but for the acceptance by Judge McLeod of petitions from ACS to start a proceeding for educational neglect, Judge Richardson would not have entered a finding of educational neglect.  Doc. 1 at 9; Doc. 12 at 1.  This Court has previously rejected this argument. *See Koger*, 2019 WL 5080008 at *2-3; *see also Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (noting that a motion for reconsideration is not "an occasion for repeating old arguments previously rejected").  Aside from emphasizing the flawed 'but for' test that they wish the Court to consider, Plaintiffs do not suggest that the Court overlooked any factual or legal issues.  *See* Doc. 12.  Thus, Plaintiffs have failed to advance any basis on which reconsideration could conceivably be granted and their request for this remedy is therefore denied.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 12.

It is SO ORDERED.

Dated:  August 5, 2020
       New York, New York

_____
Edgardo Ramos, U.S.D.J.